32a 384
60ad448

## GEORGE W. CARTER, RESPONDENT, v. JOSEPH W. WALLACE, APPELLANT.

*Sale of personal property — the risk of loss follows the legal title.*

The plaintiff and defendant entered into an agreement whereby the plaintiff was to sell, and the defendant to take and use a mare belonging to the plaintiff, and if she drove to suit him, he was to pay the sum of $130 for her; if she did not suit him he was to return her. The mare was delivered to the defendant, and while in his possession was taken sick and died. In an action to recover the agreed price:

*Held*, that the plaintiff was entitled to recover; that after the delivery, and until the defendant had exercised the election conferred upon him by the contract, the title, and with it the risk of loss, was in him.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Eli Soule*, for the appellant.

*Burrell & Robinson*, for the respondent.

BARKER, J.:

The action was brought to recover the purchase-price of a horse alleged to have been sold and delivered to the defendant.

The plaintiff was the owner of the horse, and it is admitted that

he delivered it into the possession of the defendant. While in the possession of the defendant the horse was taken sick, and died within one day thereafter. The parties had negotiations concerning the sale of the horse, which resulted in the delivery of the horse as stated. The plaintiff claims that the negotiations resulted in a complete and absolute sale of the property at the price of $130, and that the same was delivered in pursuance of the bargain, with the privilege on the part of the defendant to return the same if, on trial, she did not drive to suit him. If such was the agreement then the title to the property passed to the vendee, and until an election is made to return the property it is at the risk of the purchaser, and in case of any loss or injury to the property, it will fall on the purchaser.

Any form of words importing a bargain whereby the owner of chattels signifies his willingness and consent to sell the same, and another shall signify his willingness and consent to buy *in præsenti* for a specific price, if followed by a delivery of the article or a payment of the whole or part of the purchase-money, constitutes a perfect sale and transfer of the title to the purchaser.

I think the plaintiff's evidence fairly supports the finding of the referee, which is, in substance, that the plaintiff and defendant entered into an agreement whereby the defendant was to take and use the mare, and if she drove to suit him he was to keep her and pay the plaintiff therefor the sum of $130, and in pursuance of such agreement the plaintiff delivered the animal to the defendant. After stating other facts as found by him he finds as a conclusion of law that the plaintiff is entitled to recover of the defendant the sum of $141.76.

The only serious question which arises in this case is whether the title to the property passed to the defendant in pursuance of the arrangement under which the delivery was made to him. It is a general rule of the common law that a mere contract for the sale of goods where nothing remains to be done by the seller to make good a delivery transfers the property, although the price has not been paid nor the goods sold delivered to the purchaser. (*Bradley* v. *Wheeler*, 44 N. Y., 502.)

Chancellor KENT, in his Commentaries, says the common law very reasonably fixes the risk where the title resides, and where the bargain is made and rendered binding by giving earnest, or by part

payment, or by part delivery, or by a compliance with the requisites of the statute of frauds, the property, and with it the risk, attached to the purchaser. (Vol. 2, 449; *Groat* v. *Gile*, 51 N. Y., 431; *Taylor* v. *Tillotson*, 16 Wend., 494.)

As to the terms of the contract, and that the bargain was complete, the plaintiff relies upon his own evidence. In material respects the same was flatly contradicted by the defendant. The referee having an opportunity to observe the candor and appearance of the parties, it was for him to say which of them was entitled to the most credit. Our inspection of the evidence satisfies us that the plaintiff's testimony, if the same is to be believed and followed, fully justifies the finding of fact set out in the report. The horse was taken severely sick, and before she died was returned to the custody of the plaintiff, and the plaintiff's evidence tended to show that the defendant placed the animal in his possession to be doctored, and before recovery she died. The defendant's evidence tended to show that he delivered her to the plaintiff, in pursuance of the option he had to do so, if she did not suit him after trial and rescind the contract.

We see no reason for interfering with the referee's conclusions on this question, as the evidence is highly conflicting and was given chiefly by the parties themselves.

Judgment affirmed, with costs.

SMITH, P. J., and HARDIN, J., concerned.

Judgment affirmed.